# HILL BETTS & NASH LLP

14 WALL STREET, SUITE 5H
NEW YORK, NY 10005
TELEPHONE:    (212) 839-7000
FACSIMILE:    (212) 466-0514

WWW.HILLBETTS.COM

June 16, 2025

The instant motion is denied as moot in light of the representations made at Dkt. 44.

SO ORDERED:

6/23/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**_VIA ECF_**

Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

> Re:    Geodis USA, LLC v. Turn 5, Inc.
> 1:23-cv-08671-ALC-RWL
> Our File No. 633.0001

Dear Judge Lehrburger:

We represent the Defendant, Turn 5, Inc. ("Turn 5"), and write, pursuant to FRCP 37(a)(3)(B)(iv), Local Rule 37.1, and Your Honor's Individual Practices II.D and III.B, for an order compelling Plaintiff Geodis USA, LLC ("Geodis") to produce documents or other information withheld on the grounds of privilege.

On May 28, 2025, the undersigned took the deposition of Andrea Barzana, Plaintiff Geodis's 30(b)(6) corporate designee. We attempted to question her about a May 18, 2023 email she sent to Connie Welch, Geodis's customer service representative for Turn 5, which email was produced to us by Geodis and not withheld as privileged. See Ex. A attached hereto, labeled "Defendant's Exhibit X" and produced by Geodis as GEO003955-GEO003956. The email requested "some backup data that will help us with the case" including:

> any possible backup where we inform them about
>
> - Info if Vlad [Eremin, Sales Executive in charge of Geodis's relationship with Turn 5] informed them about the cancellation of the CNSHA call on PN3 string
> - Info if Vlad or you requested them [sic] monthly forecast
> - Info if they were aware about the switch that we did on the allocation from PN3 to PN2 + PS5 due to the CNSHA cancelation on PN3
>
> Anything that you can find that can be useful please send it to me so that I can get the full info and forward this to Legal.

Hon. Robert W. Lehrburger
June 16, 2025
Page 2

As the email was produced by Geodis and not designated (or labeled) as privileged, we attempted to question Ms. Barzana on it at her deposition. Geodis's attorney, David Loh, "object[ed] to any questions about it because this inquiry is related to a legal request that was made by counsel." Although Ms. Barzana was permitted to answer certain limited questions about her own knowledge of the issues, she refused to answer others. Additionally, Mr. Loh asserted that "the search is privileged" and refused to allow Ms. Barzana to testify about the results of the search, i.e., whether documents were located that would support each of the above bullet points. See pp. 242-245 of the Barzana deposition attached as Ex. B.

Whether documents were located in response to the above-listed search is not privileged information; nor are the documents themselves.

The work product privilege does not protect underlying facts from discovery merely because they have been incorporated into a privileged document. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 396, 101 S. Ct. 677, 682, 686, 66 L. Ed. 2d 584 (1981); *United States v. Davis*, 131 F.R.D. 391, 401 (S.D.N.Y. 1990). Furthermore, pre-existing documents that are responsive to requests for production, which were gathered pursuant to counsel's direction, are subject to disclosure in spite of the fact that they were collected in the course of counsel's investigation. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props*. LLC, 2002 U.S. Dist. LEXIS 16091, *8-9 (S.D.N.Y. August 27, 2002). See also *United States v. Heppner*, 2006 U.S. Dist. LEXIS 107274, *14-15 (D. Minn., January 9, 2006) (holding that pre-existing business records, were not "prepared in anticipation of litigation, i.e., because of the prospect of litigation," and thus do not qualify as work product under Fed. R. Civ. P. 26 (b)(3) and that "the mere fact that Defendants were directed by their attorneys to compile the documents they believed were relevant to their defense in order to prepare for trial does not convert these pre-existing business records into materials 'prepared in anticipation of litigation' and hence these materials are not protected by the work product doctrine.")

As the Second Circuit has stated, "the principle underlying the work product doctrine - sheltering the mental processes of an attorney as reflected in documents prepared for litigation - is not generally promoted by shielding from discovery materials in an attorney's possession that were prepared neither by the attorney nor his agents. *Mercator Corp. v. United States* (In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002), 318 F.3d 379, 384-385 (2d Cir. 2002). Thus, "the work product doctrine does not extend to documents in an attorney's possession that were prepared by a third party in the ordinary course of business and that would have been created in essentially similar form irrespective of any litigation anticipated by counsel." *Id.* Nor do the records or information sought, which are purely factual, fall within the narrow "selection and compilation" exception to the rule, which applies only "where a request is made for documents *already in the possession of the requesting party*, with the precise goal of learning what the opposing attorney's thinking or strategy may be." *Id.* (emphasis added).

Hon. Robert W. Lehrburger
June 16, 2025
Page 3

To the extent that Geodis's vague objection is asserting attorney-client privilege, that privilege does not apply either:

> The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:
>
> > [The] protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." Philadelphia v. Westinghouse Electric Corp., 205 F.Supp. 830, 831 (ED Pa. 1962).
>
> > See also *Diversified Industries*, 572 F.2d, at 611; *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 580, 150 N. W. 2d 387, 399 (1967) ('the courts have noted that a party cannot conceal a fact merely by revealing it to his lawyer').
>
> *Upjohn Co. v. United States*, 449 U.S. at 395-96.

The information and documents sought are not currently in the possession of Turn 5 and are critical to Turn 5's ability to assert its defenses. The mere fact that these documents were compiled in response to a request by Geodis's counsel (or indeed, that no responsive documents were found) does not render them privileged. Turn 5 requests that this Court issue an order requiring Geodis to state whether any documents or facts were discovered responsive to the three bullet points in the May 18, 2023 email, and to produce any such documents and disclose any such facts.

Very truly yours,

HILL, BETTS & NASH LLP

By:  */s/ James D. Kleiner*
James D. Kleiner

MTR/bp
encl

cc:    David Y. Loh, Esq.
       Mary T. Reilly, Esq.

{NY267284.2 }